**STATE of Missouri, Plaintiff-Respondent,**

v.

**Charles Enloe KOEN, Defendant-Appellant.**

**No. 55762.**

Supreme Court of Missouri, Division No. 1.

Dec. 11, 1972.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for plaintiff-respondent.

Bell, Fullwood, Wilson & Harris by James A. Bell and Allen I. Harris, St. Louis, for defendant-appellant.

SEILER, Judge.

Defendant was convicted by a jury of possession of 1.02 grams of marijuana and upon inability of the jury to agree on punishment was sentenced by the court to nine months imprisonment in the city workhouse. Defendant appeals. We have jurisdiction because the appeal was pending here January 1, 1972.

His first contention is that the court erred in not sustaining his motion to suppress. That there were 1.02 grams of marijuana in an envelope in the midst of an assortment of papers in the glove compartment of the borrowed automobile defendant was driving is not disputed. The critical issue is whether there was an illegal search and seizure with respect to the marijuana. We hold there was and reverse.

Around eleven o'clock on the evening of January 29, 1969 in St. Louis, two St. Louis policemen in a police car stopped defendant's automobile because of mud obscuring the license plate, a misdemeanor committed in their presence. Defendant was alone in the car. He offered no resistance or argument. The officers testified that as they were approaching the car they saw defendant either open the glove compartment, or saw him with his hand in the glove compartment momentarily, following which defendant slammed the compartment shut. They feared he might have placed a weapon there and after ordering him out of the car and arresting him for an obscured license plate, one officer searched defendant and took him back to the police car while the other officer searched the automobile. He looked under the seat, above the sunvisor, in the trunk, in some suitcases which were in the trunk, and also searched the glove compartment. He found no weapon, but in the glove compartment was a stack of business papers, letters, receipts and envelopes, together with an owner's manual. Altogether there were some four to six to eight inches of papers, pretty well filling the glove compartment. The officer thumbed through the papers. In the middle of the stack he came upon a small brown envelope, about two inches wide and three inches long. He pulled out the envelope, took it back to the police car, opened it in the presence of defendant and the other police officer, and found in the envelope the 1.02 grams of marijuana which was the basis of the charge of illegal possession.[1] The record discloses nothing incriminating about the envelope, per se. The officer said he did not know what was in the envelope when he first pulled it out, although he conceded he could see it was not a gun, and that it was after he opened it that he discovered what was in it. Defendant denied opening or closing the glove compartment or putting his hand or anything else in it or having any knowledge about or connection with the marijuana found by the officers in the envelope. The arrest for marijuana possession admittedly was not made until after the officer opened the envelope, so the search of the envelope cannot be justified as incident to that arrest. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917.

This being a warrantless search, the burden is on the state to bring itself within one of the exemptions " . . . from the rule that magistrates rather than police officers should determine when searches should be permitted and what limitations should be placed on such activities . . . ." State v. Witherspoon, (Mo.Sup.), 460 S.W.2d 281, 284 and the many United States Supreme Court cases there cited;

---

1. Defendant's testimony was that the officer brought all the papers from the glove compartment to the police car and searched through them on the back seat.

also Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564. The police officers stopped and arrested defendant because of the obscured license plate. Because of his actions, they feared he had concealed a weapon in the glove compartment and thus the search of the glove compartment for weapons under the circumstances set forth was justified as incidental to a valid traffic arrest, State v. Meeks (Mo.Sup. banc), 467 S.W.2d 65; State v. Witherspoon, supra.

Nevertheless, thumbing through the papers to the extent needed to be sure there was no weapon concealed in the glove compartment was as far as the officer was authorized to go. The officer testified "It didn't make any difference" what he was looking for after he opened the glove compartment, but this is not correct. The warrantless removal and opening of a small envelope was not a search for a weapon, which the officers said they feared defendant might have in the glove compartment, this being the sole justification or motive offered for searching the compartment. The officers conceded they did not find any weapon in the glove compartment and it cannot be said the subsequent removal and investigation of the envelope was a mere by-product or normal accompaniment of the search of the compartment, Coolidge v. New Hampshire, supra. The officers could easily have determined without ever taking this small envelope from the glove compartment whether it contained anything which could be used as a weapon against two police officers. Instead they made a warrantless, exploratory search from one object and place to another for whatever they could find in the envelope. Such a search cannot be properly related either to the traffic offense for which the original arrest was made or to a desire to safeguard themselves against weapons hidden in the compartment which might be used in an assault, State v. Meeks, supra.

The state cites Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612, decided by the United States Supreme Court, June 12, 1972. In the Adams case the court upheld the action of the police officer in reaching inside an automobile and removing a fully loaded but concealed revolver from the defendant's waistband. The officer was investigating a tip that the person seated in the car was carrying narcotics and had a gun at his waist. The court relied upon Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, also cited by the state, which held that under certain conditions an officer may conduct a limited protective search for concealed weapons, and said ". . . The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence . . ." The Adams decision is not authority for searching for evidence after the officer has protected himself against weapons.

The state cites State v. Hawkins (Mo. Sup.), 482 S.W.2d 477, but that is a case where the marijuana cigarette was in plain view on the front seat of the automobile and observed by the officer when he was checking the license number on the windshield sticker. At the same time the officer sould smell the odor of smoked marijuana. Based on this the officer arrested defendant, who had just left the vehicle, for possession of marijuana, and in a subsequent search of the vehicle and defendant's person additional marijuana was found, all of which was held admissible in evidence. No such plain view situation is present in the case at bar.

State v. McCrary (Mo.Sup.), 478 S.W.2d 349, cited by the state, is a case where, as the police officer was writing out a traffic summons, the defendant suddenly reached for his right hip pocket. The officer grabbed defendant and handcuffed him because of his alarm over whether defendant had a weapon, and in searching for a weapon in the pocket for which defendant was reaching found therein two condoms full of white powder which defendant admitted was heroin. The court held the

heroin was admissible in evidence on the possession charge, but the case is not applicable to the facts before us.

It is apparent from the record that the charge of possessing the 1.02 grams of marijuana rests on what was discovered in the envelope, and if the state is to be denied admission of this evidence there remains no evidence on which to convict defendant on the charge made, and he should therefore be discharged.

Judgment reversed.

HOLMAN, P. J., and FINCH, C. J., concur.

BARDGETT, J., not sitting.