**STATE of Missouri, Respondent,**

v.

**Linda M. RICE, Appellant.**

**No. 56741.**

Supreme Court of Missouri, Division No. 1.

Feb. 12, 1973.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

James L. McMullin, Kansas City, for appellant.

WELBORN, Commissioner.

Appeal, filed prior to January 1, 1972, from judgment and sentence to four years' imprisonment upon finding of guilt in jury-waived trial on charge of carrying a concealed weapon. Section 564.610, RSMo 1969, V.A.M.S.

On August 16, 1970, a Kansas City police officer, acting in response to a pickup order for a robbery, arrested four persons occupying an automobile which had stopped on a Kansas City street. Linda Marie Rice was one of the occupants. When she got out of the car at the officer's direction, the officer took her purse and laid it on the hood of the auto. It landed with what the officer described as a "loud thud." The officer opened the purse and found a .45 automatic pistol inside, with a loaded clip of seven rounds in the gun.

Linda Rice was charged with carrying a concealed weapon and at her jury-waived trial the state adduced evidence of the facts as stated above.

Linda testified in her own behalf that she had gone to a party the night before, taking with her her purse which contained a douche bag, a nylon nightgown and a makeup kit. The party lasted all night long and Linda left its scene at around noon the next day. She took her purse with her and had it on the floor of the auto when the officer approached at the scene of the arrest. She testified that she told the officer that she did not know how the gun got in her purse and testified at trial that she did not know how it got there and that she was unaware that the weapon was in her purse when she was arrested.

The trial court found the defendant's testimony incredible and found her guilty as charged, imposing a sentence of four years' imprisonment.

On this appeal, the sole contention is that the evidence was insufficient to show that the appellant intended to carry a concealed weapon.

In a concealed weapon prosecution, proof of an intent to conceal the weapon is an essential element of the offense. Such is the holding of State v. Carter, 259 Mo. 349, 168 S.W. 679, cited and relied upon by appellant. See also State v. Crone, Mo. Sup., 399 S.W.2d 19, 21 [3, 4]; State v. Holbert, Mo.Sup., 416 S.W.2d 129, 132–133 [7]. However, as stated in State v. Carter, 259 Mo. 349, 168 S.W. 679, 681 [3]:

"Where the state's evidence shows that the weapon is concealed, it would, no doubt, be a sufficient prima facie showing that he intended to conceal the same because from such proof it might well be inferred or presumed that the person *intended* to do that which, in fact, he did do, and when this is true and this issue is not controverted, it becomes of little importance in the case. But where, as here, a contested issue of fact is involved, both as to the concealment and, if concealed, as to whether or not the defendant intended it to be concealed, the question of defendant's intent in that regard becomes an important issue of fact in the case, to be determined by the jury."

Such was the situation here, with the court, as trier of the fact in the jury-waived case, resolving the factual issue against appellant. Having rejected the appellant's explanation denying knowledge of the presence of the gun in her purse, the court had before it sufficient evidence, based upon the fact of concealment, to conclude that the concealment was intentional. State v. Carter, supra.

The credibility issue was for the trial court. Its finding has the force and effect of the finding of a jury and will not be disturbed on appeal if supported by substantial evidence. State v. Lane, Mo.Sup., 475 S.W.2d 91, 94 [1]. The finding of

guilt here is so supported and therefore the judgment is affirmed.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.