**STATE of Missouri, Respondent,**

v.

**Larry Gene MICK, Appellant.**

**No. KCD 26250.**

Missouri Court of Appeals, Kansas City District.

Feb. 4, 1974.

Christopher Dye, Kansas City, for appellant.

John C. Danforth, Atty. Gen., David Robards, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., PRITCHARD and SOMERVILLE, JJ.

DIXON, Chief Judge.

Defendant Mick appeals from a five-year sentence imposed by a jury on conviction of second degree burglary.

Defendant raises issues of failure to suppress evidence, insufficiency of the evidence, admission of evidence and erroneous argument. The judgment of conviction is affirmed.

The defendant's car was first observed by police officers traveling south on Burlington Avenue, or Highway 169, shortly after 4:00 a. m., on October 14, 1970. Officer Claude Fine of the Clay County Sheriff's Department and Trooper Fredrick Mills of the Missouri Highway Patrol were positioned in a parking lot on the northwest corner of the first controlled intersection north of the ASB Bridge, just across the street from an all-night service station, when the automobile driven by the defendant entered that station. All of the lights on the rear of the vehicle were out, both the taillights and the light to illuminate the license plate. After a few minutes, the officers observed the car pull from the service area still without any taillights or license plate illumination, and they pursued and stopped the vehicle with the intention of arresting the driver for operating the car without proper lights.

When Officer Fine approached the driver, he asked to see his operator's license. The defendant informed the officer that he had no license and produced several traffic tickets issued by the Kansas City, Missouri, Police Department, indicating that he was already charged with driving without a valid license. The defendant did produce other identification, however, which indicated that his name was Larry Mick.

Officer Fine recognized the defendant's name from information obtained at the Sheriff's office; Mick was wanted for questioning in connection with a burglary in Holt, Missouri, but no warrant for his arrest had been issued. The defendant was immediately arrested for operating an automobile without a valid license, and he was asked to step from the car. Officer Fine then radioed his dispatcher confirming that Mick was wanted in connection with the Holt burglary investigation, and also verifying that the license plate on the

vehicle was issued to the defendant. In addition, it appears the car was not registered to the defendant and the license plate was issued to another make of car.

While in the process of approaching the automobile, questioning the defendant and as the defendant opened the door to alight from the car, the officers observed in plain view, from the outside of the car and with the aid of flashlights, certain items in the rear seat and on the floor boards of the vehicle. Included in those materials were two flashlights, pliers, a large screw driver, two pairs of brown cotton gloves, a tire tool, and two or three shirts.

With these facts in mind, Officer Fine took the defendant to the rear of the car along with the only passenger in the car, the defendant's minor brother; and Trooper Mills searched the interior of the vehicle. The search turned up a brown paper bag containing about twenty-four dollars in change concealed under the driver's side of the front seat and a dagger with a ten-inch blade hidden under the dash. At that point the defendant and his brother were arrested for investigation of burglary, the bag of change and dagger were seized, and the automobile was towed into custody. However, the record does not clearly reveal whether the defendant was informed that he was under arrest in connection with the Holt burglary investigation before the search was undertaken; the officer's accounts appear to conflict on this point.

The sundry tools, gloves, and items of clothing observed by the officers before the search was conducted were not removed from the car until morning after the car had been impounded. The bag of change was taken to the Clay County Sheriff's Office and counted by Officer Fine, revealing it contained twenty-three dollars and fifty-six cents in loose currency and one wrapped roll of fifty pennies—a total of twenty-four dollars and six cents ($24.06).

At trial, the State's evidence revealed that a building owned by Kindred Chevrolet and Oldsmobile, Inc., was broken and entered sometime between closing time on October 13, 1970 and 7:30 a. m., on the 14th of October, when the loss was discovered. The cash box in the office had been opened and twenty-one dollars and ninety-six cents ($21.96) had been removed, and the soft-drink machine had been broken open and an unknown amount of change was taken. The bookkeeper at the auto dealership indicated that one roll of fifty pennies wrapped in red paper similar to the roll seized at the defendant's arrest was present in the cash box before the crime and missing the next day. The amount of change found in the automobile was twenty-four dollars and six cents ($24.06). The Kindred dealership is located near the junction of routes 169 and 92 in Clay County within the corporate limits of Smithville, and the defendant was arrested in North Kansas City—some distance from the scene of the crime, but on a direct route to the Kindred business establishment.

The officers assigned to the investigation indicated that the showroom door of the building had been pried open and that this appeared to be the way the burglars gained access to the inside. A faint trail of footprints was discovered leading from the east of the building through a beanfield and to Commercial Avenue or old 169 Highway, which was about one thousand feet behind the building. The ground in the area was relatively soft and the footprints were not difficult to follow. A tire print was discovered near the edge of the street, which had a distinctive characteristic. It had a piece of tread missing in a strip approximately two inches wide and eight inches long with a triangular shape at one end. A photograph of a tire on the impounded vehicle was introduced into evidence to demonstrate that the tire had a piece of missing tread in exactly the same configuration as the photograph of the tire print from Commercial Avenue. Furthermore, the investigator testified that the beanfield was filled with cockleburs; sam-

ples of the cockleburs taken from the field were introduced into evidence along with equivalent samples removed from the clothing seized from the impounded vehicle.

■ The defendant's first point on appeal concerns the claimed error committed in overruling his motion to suppress the physical evidence removed from the automobile and the photograph of the car's tire. He correctly argues that a warrantless search of a motor vehicle is unreasonable *per se* and as a consequence violative of the Fourth Amendment of the United States Constitution unless the State can carry its burden of showing it falls within one of the enumerated exceptions to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L. Ed.2d 576 (1967). State v. Witherspoon, 460 S.W.2d 281 (Mo.1970). State v. Koen, 487 S.W.2d 562 (Mo.1972).

■ First, defendant contends that his arrest for a traffic offense does not justify the search as incident to that arrest because an arrest for a minor traffic offense does not justify a search for weapons, and, since there could have been no other evidence of the offense of driving without a permit contained in the vehicle, the search cannot be justified as an attempt to search for additional evidence of the crime incident to the arrest. It is true that a full search of a motor vehicle for weapons requires something more than a valid arrest for a traffic offense. State v. Meeks, 467 S.W.2d 65 (Mo.banc 1971). United States v. Story, 463 F.2d 326 (8th Cir. 1972). Furthermore, the defendant contends that the search cannot be justified as incident to an arrest for investigation of the Holt burglary principally because the officers lacked probable cause to make that arrest. The questions concerning the justification of the search as incident to a valid arrest need not be decided since the conduct of the officers was proper for another reason.

■ If an officer has probable cause to believe that an automobile contains articles that offend against the law, he is entitled to conduct a warrantless search and seize any contraband discovered, notwithstanding the fact that the search might not be justified if a motor vehicle were not involved. Carroll et al. v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). State v. Mesmer, 501 S.W.2d 192 (Mo.App. decided October 1, 1973). State v. Hornbeck, 492 S.W.2d 802 (Mo.1973). Furthermore, when a search is justified on these grounds, the officer need not choose between a possibly inadequate search at the scene and impounding and holding the car until a warrant arrives; the search and seizure may be undertaken sometime later, after the car has been taken into custody. Chambers v. Maroney, 399 U.S. 42, 90 S. Ct. 1975, 26 L.Ed.2d 419 (1970).

■ The record clearly shows that the officers were able to see in plain view a large assortment of tools and two pairs of cotton gloves. Those were the kinds of items the officers could fairly recognize as burglar's tools. See State v. Miller, 485 S.W.2d 435 (Mo.1972). The possession of such items is a felony in that State provided the possession is accompanied by a burglarious intent. Section 560.115 RSMo 1969, V.A.M.S. State v. Young, 425 S.W. 2d 177 (Mo.1968). However, in the *Young* case, the mere presence of what could be characterized as burglar's tools in the defendant's car absent any other facts within the knowledge of the arresting officer tending to show criminality was held to be insufficient to warrant a finding of probable cause to arrest the defendant for possession of contraband.

■ In the instant case, the arresting officers possessed more information than was shown to exist in *Young*. Officer Fine recognized the defendant's name and subsequently confirmed by radio that he was wanted in connection with a burglary investigation. Since evidence of a defend-

ant's reputation as a burglar or his association with burglars is admissible in a prosecution for possession of burglar's tools to show intent [State v. Young, supra, State v. Wing, 455 S.W.2d 457 (Mo.1970) ], the officers were accordingly justified in considering the fact that the defendant was wanted for investigation of burglary as an element in the calculus of determining probable cause. In State v. McCarthy, 452 S.W.2d 211 (Mo.1970), the Supreme Court held that probable cause was shown for arresting for possession of burglar's tools through the observation of the tools in plain view coupled with the observation of suspicious activities of the defendant and the high speed operation of his car. Similarly, in Carpenter v. Sigler, 419 F.2d 169 (8 Cir. 1970), where police officers stopped an automobile in a small town where there had been a series of burglaries and observed several tools scattered about the car, the Court of Appeals found that probable cause existed to arrest the occupants and search the vehicle.

In the instant case the officers were confronted with a vehicle operated without any rear lights by a driver without a valid operator's permit who was also wanted for investigation of burglary. In addition, the vehicle displayed an improper tag. When the tools and gloves were observed, probable cause existed for the arrest for possession of burglar's tools. The fact that no such arrest was made does not render the officers' belief that the vehicle contained items that were seizable any less warranted for reasonable. At that moment probable cause existed for the search that was undertaken. Furthermore, under the doctrine of Chambers v. Maroney, supra, the seizure of the vehicle and the subsequent seizure of its contents as well as the photograph of the tire were clearly justified, and the admission of that evidence at trial was proper. Therefore, the defendant's first point must be denied.

The defendant argues that the evidence is insufficient to sustain the conviction by isolating each of the items of evidence and urging an innocent explanation for the particular item of evidence. Thus, he argues the defendant's explanation that the money found in the car was the proceeds of a solicitation in his behalf and that the tools had ordinary use as well as the "breaking" use ascribed to them. Even the ingenuity of counsel flagged when dealing with the evidence of cockleburs on the clothing and the distinctive tire track. Defendant concedes this evidence created a suspicion of the guilt of the defendant. Defendant places reliance on State v. Watson, 350 S.W.2d 763, (Mo.1961). That case does find there was not sufficient evidence to support a conviction but on vastly different facts. The State, in Watson, supra, was relying on recent possession of stolen property as one, if not the principal, link in a circumstantial evidence case. The court held that under the facts, the possession of the defendant had not been proven as a matter of law. Without that possession of recently stolen property, the defendant's presence in the vehicle driven by an admitted burglar was as likely to be as a hitchhiker is a thief. The admitted burglar so testified, as did Watson; the State offered no other evidence to directly connect Watson with the crime.

■ Defendant concedes that the rule in determining sufficiency requires that the facts be taken as true as well as all reasonable inferences. State v. Taylor, 445 S.W.2d 282 (Mo.1969), 284.

■ In reality, defendant claims that he is entitled to test singly and standing alone each of the facts adduced by the classic test of consistency only with guilt. Such a procedure would destroy all but the most conclusive of the circumstantial cases. Any one of the facts viewed in the abstract might lend itself to innocent explanation. What is required, however, is for all of the facts viewed in their context being satisfactory to establish the guilt of the defendant and exclude all but a remote possibility of his innocence. These facts satisfy that test.

Defendant raises the contention that the breaking tools, gloves, shirt and dagger were improperly admitted since no connection of these items to the burglary was ever established. It is conceded with candor by defendant's counsel that the issue may only be considered if it amounts to "plain error" under Crim. Rule 27.20(c), V.A.M.R. The State asserts that it should not be considered as plain error under the authority of State v. Caffey, 457 S.W.2d 657 (Mo.1970), arguing that there is no "strong clear showing that injustice or a miscarriage of justice will result." Assuming without deciding that this claim should be considered as plain error, the contention still must fail. No error resulted from the admission of these items on the claimed basis of no connection with the burglary. The State has cited cases with analogous facts which have held such evidence admissible. State v. Heitman, 473 S.W.2d 722 (Mo.1971), State v. Marler, 453 S.W.2d 953 (Mo.1970), State v. Miller, 368 S.W.2d 353 (Mo.1963). These cases hold that if the evidence is relevant and material on the basic issues, it is admissible. Applying that test, the gloves with cockleburs imbedded and no fingerprints at the scene, the flashlights in connection with an undisputed nighttime burglary, the tire iron, screw driver and pliers in connection with prymarks on the door, the shirt with the same cockleburs, all indicate, in the light of the State's evidence of footprints through the field of cockleburs, the imprint of a tire from defendant's vehicle, are all relevant and material as tending to connect defendant with the burglary.

Defendant relies heavily on the fact of the several miles of distance between the apprehension of the defendant and the scene of the crime. Others facts tending to connect the defendant with the scene appear. When first observed, he was southbound on the same highway, cockleburs imbedded in the gloves and shirt, as well as the evidence of the distinctive tire track, all point to a sufficient nexus between defendant and the scene to make the challenged articles relevant and material and, thus, admissible.

Also, as a matter of plain error, defendant complains of the admission in evidence of the investigation of the defendant for another burglary, the failure of defendant to produce a valid operator's license, the five other citations displayed by defendant to the investigating officers, and the absence of lights on the vehicle defendant was operating, all of which defendant contends improperly inject other offenses into the instant trial.

This is but another example of trial counsel selecting a trial strategy, following it tenaciously, and then different counsel on appeal urging that plain error exists because trial counsel in pursuit of his trial tactic failed to object. Trial counsel elicited much of the complained-of testimony on cross examination. In the argument, it was utilized to argue inconsistencies of the testimony by State's witnesses. It is obvious the defense tactic was to develop such inconsistencies and raise an issue of reasonable doubt in the State's circumstantial case. State v. Worley, 353 S.W.2d 589 (Mo.1962) denied such a claim upon a record that bespoke much less clearly a trial strategy to utilize such evidence in defense. See also State v. Goff, 496 S.W.2d 820 (Mo.1973).

State v. Morgan, 444 S.W.2d 490 (Mo.1969), holds squarely that even repeated reference in a prosecutor's argument to the failure of the defendant to produce "any evidence" or failure of the defense to offer contradictory evidence is not error. That authority compels disallowance of defendant's claim that the prosecutor's argument here of "What do you have to contradict the State's evidence?" as error.

The judgment is affirmed.

All concur.