**UNITED STATES of America,
Plaintiff,**

**v.**

**Arthur GREENE, Defendant.**

**Crim. No. 474–73.**

United States District Court,
D. New Jersey.

Feb. 8, 1974.

John A. Feldman, Springfield, N. J., for petitioner.

John H. Suminski, Asst. U. S. Atty., Newark, N. J., for respondent.

## ON MOTION TO SUPPRESS— OPINION

BIUNNO, District Judge.

This suppression hearing involved the question whether a revolver found in defendant's car was the result of an illegal search requiring evidence thereof to be excluded at trial of the indictment.

The testimony of the local police was, in substance, that defendant's car was seen on the highway with no front license plate, a N.J. inspection sticker, and a rear South Carolina license plate. The patrol car had defendant pull over and stop. Defendant was asked for his driver's license and auto registration. He produced a South Carolina registra- tion issued March 9, 1973 (2 days be- fore) and a temporary South Carolina driver's permit issued December 29, 1972, which on its face was valid for 60 days only. It had expired February 27, 13 days before the incident of March 11, 1973.

As defendant stepped out of the car on the driver's side, the officer saw some license plates in plain view on the floor next to the driver's seat and asked what they were. Defendant picked them up and showed them to the officer, ex- plaining that the top one was his second South Carolina plate, which had fallen off, and the other a New York plate he had found in the car when he purchased it several days before in New York.

Following a radio call with both plate numbers, the officer learned that the New York plate was listed as a stolen plate. He requested assistance, and meanwhile began making out a motor vehicle summons for driving without a valid license.

Upon arrival of another patrolman, the officer placed defendant under ar- rest for possession of stolen property, and turned him over to the other patrol- man. The officer then searched the car and found a box on the rear floor behind the driver's seat with a printed legend indicating that it contained a revolver. He opened the box and found the revolv- er inside. This indictment for inter- state transportation of the weapon in vi- olation of federal law followed.

In a suppression hearing, the Court is not concerned with the ultimate question of guilt or innocence on the main charge. The only question before the Court is whether the evidence dis- covered during the search should be sup- pressed. In making this determination, the Court must measure the search against the reasonableness requirement of the Fourth Amendment.

One may always be stopped for a routine motor vehicle check, espe- cially when a police officer observes a possible statutory violation. Defend- ant's failure to have a front license

plate, and the inconsistency between the New Jersey inspection sticker and the South Carolina rear license plate, quite properly aroused the curiosity of the officer who made the stop.

 Even without these unusual circumstances the officer was entitled to stop defendant and inspect his driver's license. N.J.S.A. 39:3–29. Upon making the stop the officer discovered that defendant was driving without a valid license and was in possession of a stolen license plate. Either of these discoveries was sufficient to justify the arrest. N.J.S.A. 39:3–17 requires non-resident drivers to be in possession of valid driver's licenses from their residence states. N.J.S.A. 39:5–25 authorizes warrantless arrest of persons violating N.J.S.A. 39:3–17 or N.J.S.A. 39:3–29. Possession of stolen property similarly constitutes ground for arrest without a warrant. N.J.S.A. 2A:170–41.1.

The arrest was thus valid, and the police were entitled to subject defendant to a thorough search of his person at that point. United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L. Ed.2d 427 (filed 12/11/73). The search of defendant's vehicle at that time without a warrant was also permissible, because it was incident to the lawful arrest. State v. La Porte, 62 N.J. 312, 301 A.2d 146 (1973); State v. Waltz, 61 N. J. 83, 293 A.2d 167 (1972); State v. Griffin, 84 N.J.Super. 508, 519, 202 A.2d 856 (App.Div.1964).

The events of the morning of March 11, 1973 inexorably and lawfully led, step-by-step, to the discovery of the evidence which defendant would have the Court suppress. Lack of a valid license and possession of contraband gave the police probable cause to arrest the defendant and search the car without a warrant for other contraband. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, reh. denied, 400 U.S. 586, 91 S.Ct. 23, 27 L.Ed.2d 94 (1970); Coolidge v. N. H., 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, reh. denied, 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed. 2d 120 (1971); State v. Griffin, *supra.*

Defendant took the stand and testified. His account varied from that of the officers in a number of respects, but none is considered material. The differences are of the kind that inevitably occur about details of unexpected events or occurrences for which there are usually no external reference points for verification. Even with the differences, defendant's testimony lacked certainty and the degree of his uncertainty was of such breadth as not to be inconsistent with the testimony of the officers.

The Fourth Amendment unequivocally protects "against *unreasonable* searches and seizures." The issue of reasonableness is commonly evidenced by the issuance of a warrant to search, based upon probable cause, but nothing in the Constitution limits the evidence of reasonableness to that mode of proof.

In light of the foregoing, defendant's motion to suppress is denied.