**STATE of Missouri, Respondent,**

v.

**James D. ALRED, Appellant.**

**No. 36021.**

Missouri Court of Appeals,
St. Louis District, Division Two.

May 20, 1975.

Rehearing Denied June 26, 1975.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Scott A. Raisher, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Richard L. Poehling, Asst. Circuit Atty., St. Louis, for respondent.

Dewey S. Godfrey, Jr., St. Louis, for appellant.

CLEMENS, Presiding Judge.

A jury found defendant James D. Alred guilty of feloniously stealing a motorcycle, and the court sentenced him to three years' imprisonment. He appeals, contending the trial court erred in admitting into evidence a bolt cutter allegedly connected with the theft.

The evening of May 18, 1973, John Burke padlocked his motorcycle to his porch with a chain. When he later realized someone was tampering with the cycle, he went outside and saw that his chain had been cut and three men were loading the cycle into a gray van. Burke gave chase in vain; the three men got away. A few minutes later, as Burke was reporting the incident to police the van passed by. During the ensuing police chase, someone threw a plastic bag from the van which contained numerous motorcycle keys. A search of the van revealed more keys, a bolt cutter and motorcycle gear, but not Burke's cycle. Burke identified the three men in the van as the thieves and at trial he again identified defendant.

Defendant's wife testified defendant was in the business of repairing motorcycles, and another witness testified that no key thrown from the van window would fit Burke's cycle. An expert witness testified that he himself could not cut Burke's chain with the bolt cutter found in the van but that he was able to do so with another man's help. Stiration marks on the cut chain were inconclusive as to whether or not defendant's bolt cutter had actually been used to cut Burke's chain. To summarize, the evidence failed to show the bolt cutter *was* used to cut the chain but did show it *could* have cut the chain.

Defendant now argues the trial court erred in admitting in evidence the bolt cutter found in the van. He contends the bolt cutter was not shown to have been used by defendant in cutting the chain around Burke's cycle, and that the evidence was therefore "negative and non-probative." In support of his contention, counsel claims the State misled him during pre-trial discovery

by sending him a letter indicating the bolt cutter had not cut Burke's chain.

The disputed letter merely said the State's analysis "failed to establish" whether the bolt cutter had been used to cut the chain involved. Counsel mistakenly inferred the State meant the bolt cutter actually did *not* cut the chain. But the State established at trial that while one man alone was unable to cut the chain with the bolt cutter, two men together could and did accomplish this act.

The basic issue is not whether the bolt cutter in question actually did cut Burke's chain. The issue is whether the court erred in admitting the bolt cutter as *relevant evidence.* We hold there was no error, since the evidence was relevant to whether defendant participated in a theft during the course of which a chain was cut. It is enough that the bolt cutter found in defendant's van *could* have been used to cut the chain on Burke's motorcycle.

"One fact is relevant to another fact whenever, according to the common course of events, the existence of one, taken alone or in connection with other facts, renders the existence of the other certain or more probable." Crowley v. Crowley, 360 S.W.2d 293[2] (Mo.App.1962). In this case, the mere fact defendant possessed the bolt cutter did not in itself prove that defendant stole Burke's motorcycle. But the fact defendant possessed a bolt cutter capable of cutting the chain, when considered in connection with its location in a vehicle recently involved in a theft and owned by defendant, rendered the implement admissible as relevant to the issue of defendant's guilt.

Cases upholding the relevance of comparable demonstrative evidence include State v. Miller, 368 S.W.2d 353[14] (Mo.1963); State v. Mick, 506 S.W.2d 35[9] (Mo.App. 1974), and State v. Greathouse, 519 S.W.2d 299[7–14] (Mo.App.1975).

The facts in the present case show defendant possessed the van used to transport the stolen motorcycle, that the cycle was stolen by means of cutting the padlocked chain, and that soon after the theft defendant was in possession of an instrument which could have been used to cut that chain. In light of these circumstances the bolt cutter was relevant to the stealing charge and was properly admitted in evidence. Its weight was for the jury.

Judgment affirmed.

KELLY and STEWART, JJ., concur.