STATE of Missouri, Respondent,

v.

Amos BEALS, Appellant.

No. 47237.

Missouri Court of Appeals, Eastern District, Division Six.

May 15, 1984.

Henry B. Robertson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Dan Crawford, Jefferson City, for respondent.

CLEMENS, Senior Judge.

Defendant prior offender Amos Beals appeals his conviction and two year sentence. This from a guilty verdict for narcotic possession.

Here defendant challenges evidence of a narcotic found in his car; this when arrested for a traffic offense. He contends the police searches went beyond those permissible in searching for a weapon, which was not found. The state responds that the officer had reason to believe a bottle he saw defendant attempting to hide con-

tained contraband; that the warrantless search was permissible under the automobile exception to search *warrant* requirement.

The evidence: Police patrolling a high crime area stopped a car for recklessly driving through a red light. He saw defendant trying to hide an object and found it was a bottle containing a milky substance he believed to be a potent drug. He arrested and searched defendant and found syringes containing more of the milky substance, later chemically analyzed as a controlled substance.

Defendant testified he was an innocent passenger in the car; that he had no knowledge of the drug found in the car and denied possession thereof.

Here defendant challenges police testimony of finding the narcotic in the car. He cites *State v. Koen,* 487 S.W.2d 562 (Mo. 1972) approving search for a weapon, not found, but condemning the following search of a glove compartment where a narcotic was found amid a bundle of private papers. That further search could not be justified as an attempt by the officers to protect themself from assault. The distinguishing factor is that the search here was made after police had seen defendant trying to conceal an object found to be a narcotic drug. Defendant also cites *State v. Williams,* 654 S.W.2d 238[1] (Mo.App. 1983). That case holds a traffic violation, without more, does not justify a police search, so it is not in point.

 In *State v. Pruitt,* 556 S.W.2d 63 [3, 4] (Mo.App.1977) we held "defendant's suspicious movements in trying to conceal something under the seat of an automobile (as here) supplied probable cause to search the vehicle." And, as here, "observation of that which is open to view is not a search." *State v. Simpson,* 611 S.W.2d 556 [1–6] (Mo.App.1981).

In *State v. Jackson,* 646 S.W.2d 367 (Mo. App.1982) Missouri adopted the expanded rule of automobile search declared in *United States v. Ross,* 456 U.S. 798, 102 S.Ct.

2157, 72 L.Ed.2d 572 (1982). We ruled that court had:

"Enunciated a new doctrine with respect to the search of automobiles as well as containers found in those automobiles. Under the rule stated in that case, the court held that police officers who had probable cause to believe that contraband was concealed in an automobile could conduct a warrantless search of the vehicle, and any containers found in the vehicle *regardless* of the nature of the containers."

 We conclude the evidence here showed the police had probable cause to believe the partly concealed contraband justified their automobile search and the narcotic seizure.

Affirmed.

CRIST, P.J., and REINHARD, J., concur.