**STATE of Missouri, Respondent,**

v.

**Louis B. MOODY, Appellant.**

**No. 53995.**

Supreme Court of Missouri,
Division No. 2.

July 21, 1969.

Edward T. Foote, St. Louis, for appellant, Bryan, Cave, McPheeters & McRoberts, St. Louis, of counsel.

John C. Danforth, Atty. Gen., Jefferson City, Frank W. May, Special Asst. Atty. Gen., Desloge, for respondent.

DONNELLY, Presiding Judge.

Appellant, Louis B. Moody, was convicted of possessing dextro amphetamine sulfate, a simulant drug, under § 195.240, RSMo 1959, V.A.M.S., by the Circuit Court of the City of St. Louis, and his punishment under the provisions of the Habitual Criminal Act, § 556.280, RSMo 1959, V.A.M.S., was assessed at imprisonment in the custody of the State Department of Corrections for a term of two years. Following rendition of judgment and imposition of sentence an appeal was perfected to this Court.

On February 19, 1968, appellant was driving a car alone at night in the Gaslight Square area in the City of St. Louis. Two police officers followed appellant's car and observed that it was "zig-zagging, going over the dividing line." They stopped the car and placed appellant under arrest "for failure to keep to the right." They searched appellant's person and seized five hypodermic needles, one syringe, and a tinfoil packet containing a stimulant drug.

Appellant preserved his objection to the search and seizure by motion to suppress before trial.

Appellant's counsel has filed an excellent brief and has narrowed the issues on appeal. He asserts that the "issue presented on this appeal is whether an arrest for a minor traffic violation, absent any additional circumstances suggesting either danger to the arresting officers or that another crime has been committed, justified the search of appellant's person."

■ In determining the issue, we recognize that it is our duty to consider the constitutional issues involving search and seizure "in the light of the 'fundamental criteria' laid down by the Fourth Amendment and in opinions of * * * [the Supreme Court of the United States] applying that Amendment." Ker v. California, 374 U.S. 23, 33, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); State v. Owens, 302 Mo. 348, 259 S.W. 100, 32 A.L.R. 383 (1924).

In Harris v. United States, 331 U.S. 145, at 150 and 151, 67 S.Ct. 1098, at 1101, 91 L.Ed. 1399 (1947), the Supreme Court of the United States stated:

"If it is true, as petitioner contends, that the draft cards were seized in violation of petitioner's rights under the Fourth Amendment, the conviction based upon evidence so obtained cannot be sustained. Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886); Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914); Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145 (1925); Segurola v. United States, 275 U.S. 106, 48 S.Ct. 77, 72 L.Ed. 186 (1927). This Court has consistently asserted that the rights of privacy and personal security protected by the Fourth Amendment ' * * * are to be regarded as of the very essence of constitutional liberty; and that the guaranty of them is as important and as im-perative as are the guaranties of the other fundamental rights of the individual citizen * * *' Gouled v. United States, 255 U.S. 298, 304, 41 S.Ct. 261, 65 L.Ed. 647 (1921).

"This Court has also pointed out that it is only unreasonable searches and seizures which come within the constitutional interdict. The test of reasonableness cannot be stated in rigid and absolute terms. 'Each case is to be decided on its own facts and circumstances.' Go-Bart Importing Co. v. United States, 282 U.S. 344, 357, 51 S.Ct. 153, 75 L.Ed. 374 (1931).

"The Fourth Amendment has never been held to require that every valid search and seizure be effected under the authority of a search warrant. Search and seizure incident to lawful arrest is a practice of ancient origin and has long been an integral part of the law-enforcement procedures of the United States and of the individual states."

Appellant does not contend the original arrest for a traffic violation was unlawful. Rather, he relies primarily upon the case of Amador-Gonzalez v. United States, 391 F.2d 308, 315 (5th Cir.1968) for the view that " * * * a lawful arrest of an automobile driver for a traffic offense provides no lawful predicate for the search of the driver or his car—absent special circumstances." See also People v. Watkins, 19 Ill.2d 11, 166 N.E.2d 433; Simeone, Search and Seizure Incident to Traffic Violations, St. Louis U.L.J. 506 (1961); and Annotation, 10 A.L.R.3d 314.

We consider the following observations particularly appropriate:

"Consistently, the right of a policeman to search an arrested person without the necessity of obtaining a search warrant has been held not to violate the Fourth and Fourteenth Amendments to the Federal Constitution. *This right becomes operative once the fact of arrest is established* and is based upon three grounds of necessity. Two are necessities which arise out of the very fact that an arrest has been made;

that is, the need to protect the arresting officer from harm and the need to prevent the escape of the arrestee. The third ground of necessity is closely related to the nature of the offense; that is, to prevent the possible destruction of contraband or evidence relating to the offense for which the arrest has been made.

"Even Mr. Justice Frankfurter, who has consistently demonstrated an antipathy towards an expansion of the right to search without a warrant, recognizes the right of an arresting officer to search the arrestee merely upon the showing that there has been a lawful arrest.

"The necessity to search for weapons or other instrumentalities for use in escape creates a situation where the interest of privacy is subordinated to the need for providing an arresting officer with an effective means to protect himself from bodily injury and, perhaps death. What then is the basis for suggesting that a person properly arrested has a claim to privacy which is greater than the interest in preserving the arresting officer's life, merely because the arrest is for a traffic violation?" Agata, Searches and Seizures Incident to Traffic Violations—A Reply to Professor Simeone, St. Louis U.L.J. 1, 5, 6 (1962). See also concurring opinion, People v. Watkins, supra, 166 N.E.2d 433, 438–440.

▮▮ We decline to adopt the Amador-Gonzalez view in Missouri. We believe that police officers, while in the performance of their official duties, are entitled to all the safety and protection we can give them within constitutional limitations. The general rule consistently followed by the Supreme Court of the United States is that search and seizure incident to a lawful arrest is permissible. Harris v. United States, supra; Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (decided June 23, 1969). An exception to the general rule is that an "arrest may not be used as a pretext to search for evidence * * *."

United States v. Lefkowitz, 285 U.S. 452, 467, 52 S.Ct. 420, 76 L.Ed. 877 (1932). We are of the opinion that the "pretext" standard, at least in cases involving searches of the person, is sufficient to judge the validity of searches and seizures incident to a lawful arrest for traffic violations. If the arrest for a traffic violation is used as a *pretext* for conducting the search, the proceeds of the search incident thereto will be inadmissible. The question of good faith on the part of arresting officers is capable of adjudication. See 1 Varon, Searches, Seizures and Immunities, pp. 203–205; Hotis, Search of Motor Vehicles, Dickinson Law Review 363, 440–444 (1969).

We recognize the rights of individual citizens to privacy and to be free from unreasonable searches and seizures. We further recognize the impropriety, in deciding constitutional questions, of painting with a broader brush than is necessary for a determination of the issues presented in a given case. Therefore, we limit the holding in this case to "the precise facts to which it is to be applied." Liverpool, N.Y. & P.S.S. Co. v. Emigration Commissioners, 113 U.S. 33, 39, 5 S.Ct. 352, 28 L.Ed. 899 (1885).

▮ The arrest in this case, although for a traffic violation, was lawful. There is no evidence to support a contention that the arrest for the traffic violation was pretextual. The search, which disclosed the items relating to the crime of which appellant was convicted (see Harris v. United States, supra, 331 U.S. 145, 154, 67 S.Ct. 1098, 91 L.Ed. 1399), was of appellant's person. Under these facts and circumstances, the trial court did not err in overruling appellant's motion to suppress and in admitting at trial the evidence obtained in the search.

The judgment is affirmed.

All of the Judges concur.