**STATE of Missouri, Respondent,**

v.

**Hallie ROBINSON, Appellant.**

**No. 54310.**

Supreme Court of Missouri,
Division No. 1.

Oct. 13, 1969.

Motion for Rehearing or to Transfer to Court En Banc Denied Nov. 10, 1969.

72

John C. Danforth, Atty. Gen., John C. Craft, Asst. Atty. Gen., Jefferson City, for respondent.

Edward T. Foote, Eric V. Lemon, St. Louis, for appellant, Hallie Robinson. Bryan, Cave, McPheeters & McRoberts, St. Louis, of counsel.

HIGGINS, Commissioner.

Appellant was convicted by a jury of possession of Cannabis Sativa (marijuana),

a narcotic drug. Pursuant to that verdict and upon a finding of prior convictions, the court assessed appellant's punishment at 8-years' imprisonment in custody of the Department of Corrections and sentenced him accordingly. Sections 195.020, 195.200, and·556.280, V.A.M.S.

At approximately 10:40 p. m., March 7, 1968, St. Louis Police Officers Robert Nichols and Roy Kessler were in an unmarked police car in the vicinity of Whittier and Olive Streets in St. Louis, Missouri, and observed an automobile with two occupants exceeding the speed limit while going south on Whittier from Olive. Officer Nichols followed the automobile and it "sped up at a high speed and I begin to chase the car then. * * * The car went south on Whittier to McPherson and violated the stop sign, then went east on McPherson from Whittier. When I made the turn onto McPherson I turned on the siren and my partner (Kessler) turned on the hand red light that we have in the car. * * * The car violated the stop sign at Sarah and McPherson and then went north on Sarah to the south alley in the rear of Olive Street and then made a right turn to the alley and went east in the alley * * *. At this time we paced the car at sixty miles an hour in a fifteen mile zone * * *." The chase covered six city blocks and ended when the officers "pulled into the Olive Street entrance of the parking lot and met the car headon and stopped it." Officer Nichols "ordered the driver (appellant) from the car and placed him under arrest for the traffic violations and also for no driver's license. * * * I made a search of his person, his clothing. * * In his right side coat pocket I found two hand rolled cigarettes that contained a green vegetation that I believed to be marijuana." The cigarettes and coat were taken to the police laboratory where they were found to contain marijuana. Appellant was also arrested at the parking lot for possession of marijuana.

Appellant does not question the sufficiency of evidence to sustain the state's

case, but contends the search and seizure violated his constitutional rights and that his motion to suppress the marijuana cigarettes and particles found in the coat pocket should have been sustained and those items excluded at trial. Appellant's brief asserts "the issue presented on this appeal is whether an individual's arrest for a traffic offense justifies a thoroughgoing police search of his person, including a direct intrusion into his pockets."

In making his contention on this issue, appellant concedes that the same issue was presented in State v. Moody, Mo., 443 S.W.2d 802, and states that the law in Missouri under that case is "that a lawful arrest of an automobile driver for a traffic offense provides a constitutionally adequate predicate for a contemporaneous search of a driver." He states also that Moody "was subjected to a thoroughgoing search of his person (including the pockets of his outer garments) following his arrest for a minor traffic violation. The search disclosed narcotics, for possession of which appellant was arrested. This is precisely the factual picture of the present case."

Accordingly, this case is governed by State v. Moody, supra. As in that case, the arrest of Hallie Robinson on traffic offenses was lawful; it was not contended, nor was it shown, that the arrest for traffic violations was pretextual; and the search incident to the lawful arrest which disclosed the items relating to the crime of which he was convicted was of his person. State v. Moody, supra, 443 S.W.2d 1. c. 804 [4].

In addition to cases cited by appellant which were discussed in State v. Moody, supra, appellant cites Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1912, 20 L.Ed.2d 917; United States v. Hostetter, D.C.Del., 295 F.Supp. 1312, and Bailey v. State, Ark., 438 S.W.2d 321, but they are not in point on this issue because "admittedly, neither Terry, Sibron, Hostetter nor Bailey involved persons arrested for traffic violations."

■ Appellant also attacks the evidence by charging the court erred in admitting the marijuana cigarettes and particles into evidence because a chain of possession of those items from seizure to introduction in evidence was not shown.

The chain of possession of the marijuana found in the right-hand pocket of the coat appellant was wearing when arrested begins with seizure of the coat by the police officers. They delivered it to the police laboratory in an evidence bag "stapled sealed." The two cigarettes were sealed in an envelope for delivery to the laboratory. Both the bag and the envelope were received at the laboratory by Joseph Stevens from one of the police officers (Nichols or Kessler) whom Mr. Stevens recognized when they testified as witnesses at trial. The bag was placed in the evidence locker until removed and examined scientifically by Cordell Brown, the technician who testified to finding upon the examination particles of marijuana in evidence in the right-hand coat pocket. Mr. Stevens opened the envelope and analyzed the cigarettes and then placed them in the envelope, sealed it, and stored it in the evidence locker for further examination by Mr. Brown. Mr. Brown observed the analysis made by Mr. Stevens and testified that the cigarettes contained marijuana. Such chain of custody was sufficient to support the admission of the cigarettes, the marijuana particles, and their analyses into evidence. See State v. Kelton, Mo., 299 S.W.2d 493; State v. Anderson, Mo., 384 S.W.2d 591; State v. Smith, Mo., 222 S.W. 455; Bean v. Riddle, Mo., 423 S.W.2d 709; and discrepancies, if any, in the chain were for the jury to resolve, Bean v. Riddle, supra, 1. c. 718 [3].

■ Appellant charges he was denied the right to cross-examine arresting Officer Nichols about the other occupant of the car. He says he was denied this right when the trial court refused to permit cross-examination designed to show the other occupant to be the person actually in possession of the narcotics and that he slipped

them into appellant's pocket during the chase. The court sustained an objection to a cross-examination question to Officer Nichols relative to search of the other occupant; however, the record shows several cross-examination questions through which appellant elicited that there were two occupants of the car, that the other sat on the passenger's side at the driver's right and in close proximity, etc. Such circumstances do not show an abuse of the court's discretion in control of cross-examination. State v. Knicker, Mo., 424 S.W.2d 605, 606–607 [1, 2].

■ Finally, appellant charges error in permitting the state to call Joseph Stevens as a witness when he had been notified that Mr. Stevens would not be called. Appellant cites no authority for this contention and admits that this error would not be fatal to the state's case. His argument is that his prejudice is shown when this is considered with the other errors; however, this matter, if error, could not be cumulative to matters in connection with which the court committed no error. State v. Baker, Mo., 439 S.W.2d 515, 516–517 [3].

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

SEILER, P. J. and STORCKMAN and HOLMAN, JJ., concur.

OPINION CONCURRING IN RESULT

SEILER, Presiding Judge.

Although I originally cast a dissenting vote in this case, I have concluded to withdraw my dissent and concur in the result. I do this because I can see why the officer would have probable cause to make a search of the driver's person for weapons or contraband when the driver had sought to resist being stopped by trying to outrun the police and lead them on a high speed chase. I assume this case will not be read as authorizing a search of the driver's person on a mere routine traffic arrest without more, and if State v. Moody (Mo.Sup.) 443 S.W.2d 802, stands for such a proposition, I would disagree with it. Few drivers, men or women, can drive any considerable distance without violating some traffic law or ordinance. It seems to me that a search of the driver after a traffic violation arrest would be justified only when there are such unusual circumstances present as to give rise to probable cause on the part of the arresting officer to believe before he makes the search for the search will be fruitful, Dyke v. Taylor Implement Manufacturing Co., Inc., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538. When we get into the matter of traffic violations we are talking about something which may happen to almost any reputable citizen. Extending carte blanche authorization for a search of the person in all such cases is pretty strong medicine. As pointed out in Terry v. Ohio, 392 U.S. 1, 16–17, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889, which involved only a pat down type of search and not a going inside the pockets, even the former involves " * * * a procedure performed in public by a policeman while the citizen stands helpless, perhaps facing a wall with his hands raised * * *. It is a serious intrusion upon the sanctity of the person, which may inflict great indignity and arouse strong resentment, and it is not to be undertaken lightly."