**STATE of Missouri, Respondent,**

v.

**George Lee DAVIS and Samuel Ernest Haley, Jr., Appellants.**

**Nos. KCD 26886 and KCD 26887.**

Missouri Court of Appeals, Kansas City District.

Dec. 30, 1974.

James J. McMullin, Hill, McMullin & Wilson, Kansas City, for appellants; John Cosgrove, Kansas City, of counsel.

John C. Danforth, Atty. Gen., Donald R. Bird, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER, WASSERSTROM and TURNAGE, JJ.

SHANGLER, Judge.

The defendants Davis and Haley were charged by separate information for carrying concealed weapons about their persons, but waived a jury and consented to a joint trial before the court. They were found guilty and sentenced to imprisonment for a term of two years.

At the trial the defendants contested the validity of the search which discovered the weapons in the automobile they occupied and on this appeal they seek to reverse the convictions had upon the evidence seized.

It was shown that one evening, Garner Sims who was a reserve police officer in Marshall, Missouri, then also employed at a filling station, attended a 1970 Lincoln automobile which had come for service. The automobile was occupied by two black males, neither of whom he could later identify. As he serviced the car, Sims noticed that the passenger was sporting a shoulder holster in which was lodged a handgun. These circumstances aroused his suspicion, so he recorded the license number of the vehicle and reported this information, along with the car description, to the police dispatcher.

The dispatcher communicated this information by radio to Officer O'Donnell and warned him that one of the occupants was known to be armed. The dispatcher informed him also the license plate exhibited by the Lincoln Continental was registered to a different vehicle and thus the display was in violation of law. O'Donnell sighted the car parked in front of Ralph's Place and, with the help of units from the Highway Patrol, established surveillance. A few minutes later, two men entered the car and started to drive off. O'Donnell cut into their path, stopped them, and focused a spot light into the front window of the Lincoln. As he did, O'Donnell observed the two occupants bend forward in the automobile. They were ordered out of the car, frisked, and handcuffed. The driver [identified as the defendant Haley] sported an empty shoulder holster. As the door opened, O'Donnell discerned what he concluded was the handle of a weapon protruding from beneath the seat of the driver, and which proved to be a 9 mm. automatic pistol. Highway Patrolman Knott, who had joined in the surveillance, was

also at the scene at the time of the search. When the two occupants [identified at the trial as the defendants] had evacuated the car, Knott played his flashlight along the floor board under the passenger seat and discovered a pistol grip protruding from under the front seat, which proved to be a part of a 44 magnum revolver.

Patrolman Knott issued defendant Haley a traffic ticket for operation of a car with an improper license. The defendants were placed in arrest for carrying concealed weapons on or about their persons. The arrests were made without warrants.

The appellants do not dispute that if the search which discovered the weapons was lawful, then the proof of concealed weapons is sufficient for conviction. The appellants contend only that there was no probable cause to suspect the defendants of any law violation and therefore the warrantless search of the car they occupied was invalid and the evidence of the two pistols taken in the search should have been suppressed.

This argument is formulated on the premise that the search was precipitated when Reserve Officer Sims at the filling station observed an occupant of the automobile display upon his person a shoulder holster with gun, and that since the gun was discernible by ordinary observation— and thus not in violation of law—there was no occasion for the later search of the car which yielded the two weapons partially concealed under the front seat.

We need not assess the validity of this argument either as an abstract proposition or under the distinctive facts presented. The search of the automobile was conducted as incident to a lawful arrest for an improper display of license

plate. Although the question of the extent to which the warrantless search of an automobile is justified as incident to an arrest for a traffic violation is not entirely settled [State v. Achter, 512 S.W.2d 894, 901 (Mo.App.1974)], it is clear that where such an arrest is not merely pretextual for a search [State v. Moody, 443 S.W.2d 802, 804[4] (Mo.1969)], and when the arresting officer has reasonable cause to believe that the contents of the car pose a danger to him, the officer has the right to search that area of the car interior from which either arrestee might have access to a weapon. [State v. Meeks, 467 S.W.2d 65 (Mo. banc 1971)].

The search of the automobile appellants occupied was valid even under the most stringent requirements of these decisions that special circumstances appear before a search of a motor vehicle consequent upon an arrest for a traffic violation is authorized. The police officers conducting the arrest had been reliably warned that one of the occupants was armed. The furtive forward movement of the occupants observed by Officer O'Donnell after the car had been stopped and in the appearance thereafter of an empty shoulder holster strapped on the person of the defendant Haley were consistent with the concealment of weapons under the front seat. These were special circumstances which gave rise to a reasonable belief that the contents of the car were a source of danger to the officers. The search which discovered the weapons was properly limited to the area within the immediate control of the arrested occupants. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). It was neither exploratory nor pretextual, but reasonable.

The judgment is affirmed.

All concur.