**STATE of Missouri, Appellant,**

**v.**

**Manuel LORENZO and Casimir Niedzwiedz, Respondents.**

**No. WD 39595.**

Missouri Court of Appeals, Western District.

Dec. 1, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 29, 1987.

Application to Transfer Denied Feb. 17, 1988.

Weldon W. Perry, Jr., Pros. Atty., Lexington, for appellant.

Roy W. Brown, Bruce B. Brown, Kearney, for respondents.

Before PRITCHARD, P.J., and GAITAN and COVINGTON, JJ.

GAITAN, Judge.

Defendants Manuel Lorenzo and Casimir Niedzwiedz were charged by way of information with knowingly possessing cocaine, a felony, and knowingly possessing marijuana, a misdemeanor, in violation of § 195.020 and § 195.200.1, RSMo 1978. The defendants filed separate motions to suppress in accordance with § 542.296, RSMo 1978 and those motions were consolidated for hearing. Both motions were sustained. The State has appealed that ruling and these matters have been consolidated for purposes of appeal.

On appeal, the State has raised three issues: (1) whether the defendants have standing to file a motion to suppress; (2) whether the officer who conducted the search obtained consent to search; and (3) whether the officer informed the defendants of their Miranda rights prior to obtaining certain admissions. We affirm.

On March 11, 1987, defendants were passengers in a van en route from Colorado to Alabama which was stopped by Trooper Daniel Green on Interstate 70 Highway in Lafayette County for violation of § 307.173, RSMo 1978. Section 307.173 proscribes the operation of a motor vehicle on a public highway which has vision-reducing material applied to any portion of the windshield or windows. The van was owned and driven on this occasion by James Conwell, a resident of Florida. Trooper Green testified that tinted material was applied to the driver's and passenger's windows. Lorenzo and Niedzwiedz testified that prior to being stopped both the driver's and passenger's windows were down.

After making the stop, Trooper Green was joined by Trooper Temmen who arrived to provide assistance. Trooper Green approached Conwell and asked him to produce his driver's license. Conwell immediately responded. At this time, Trooper Green observed Lorenzo sitting in the passenger seat and Niedzwiedz sitting in the center just behind the front seats. Trooper Green ordered all three men out of the vehicle. As they exited, they were escorted to the back of the van by Trooper Green and Trooper Temmen. Neither trooper observed anything unusual, nor did they encounter any resistance from the three men.

While at the back of the van, Trooper Green asked Mr. Conwell if he would mind if Trooper Green "looked" inside the van. Mr. Conwell replied, "No". Trooper Green testified that he didn't intend to search the vehicle; he was "just going to peek in." He then walked up to the passenger side door, opened it and saw some cigarette papers on the floor and a blue backpack under the passenger seat. He did not notice any contraband or weapons. Trooper Green pulled the blue backpack from under the seat, and, as he did so, a small black film container rolled out onto the floorboard. The contents of the container were not visible. Without obtaining consent to search the van or its contents, Trooper Green opened the black film container. It was found to contain a green leafy material which he believed to be marijuana.

After opening the container, the trooper went to the back of the van and placed all three men under arrest for possession of less than 35 grams of marijuana. Trooper Green then returned to the van and opened the blue backpack. According to Trooper Green, inside the blue backpack he found a

small pink bag which he also opened. Trooper Green testified that the pink bag contained three more film canisters filled with marijuana, some marijuana paraphernalia, a small brown vial containing cocaine, and $1,000 in cash. After conducting the search, Trooper Green carried the blue backpack to the back of the van and asked to whom the backpack belonged. Lorenzo stated that it belonged to him. At the suppression hearing, however, Lorenzo testified that although the blue backpack was his, he had no knowledge of the pink bag. Trooper Temmen testified that he could not recall having seen the pink bag until the day of the preliminary hearing.

Trooper Green returned to the van to resume his search. Lorenzo asked him if he could have his jacket. Trooper Green returned with a blue denim jacket which Lorenzo stated was not his. Niedwiedz informed Trooper Green that he was the owner of the jacket. Prior to giving the jacket to Niedzwiedz, Trooper Green searched it and found two vials containing some white residue and a very small amount of marijuana. Trooper Green then informed Niedzwiedz and Lorenzo that they were also under arrest for possession of cocaine. Conwell, Lorenzo and Niedzwiedz were handcuffed and read their Miranda rights. Although violation of a motor vehicle ordinance was the original basis for the stop, Conwell was never cited for the violation.

After a hearing, the physical evidence recovered by Trooper Green was suppressed in the criminal cases pending against Lorenzo and Niedzwiedz. It is from that order that this appeal is taken.

■ First, we find that the defendants having standing to challenge this seizure pursuant to § 542.296(1) which states:

1. A person aggrieved by an unlawful seizure made by an officer and against whom there is a pending criminal proceeding growing out of the subject matter of the seizure may file a motion to suppress the use in evidence of the property or matter seized. For the purposes of this section, a pending criminal proceeding shall mean any criminal investigation being conducted with the intention of using the seized subject matter in

seeking an indictment or information or when an information has been issued or an indictment returned.

Furthermore, as was held in *State v. Ross,* 507 S.W.2d 348, 353 (Mo.1974):

Standing to object to a search and seizure and use of the fruits in evidence is predicted upon a possessory interest in the items seized; a possessory interest in, or legitimate presence on, the premises search; or is "automatic" where the same possession needed to establish standing is an essential element of the crime charged.

*See also In Re J.R.M.,* 487 S.W.2d 502 (Mo. banc 1972); *State v. Davis,* 547 S.W.2d 482, 486 (Mo.App.1976).

Here Lorenzo has claimed ownership of the blue backpack, which the State alleges to have contained marijuana and cocaine; Niedzwiedz has claimed ownership in the blue denim jacket, which the State alleges also to have contained marijuana and cocaine. These two items are personal effects of the defendants in which they have a possessory interest. They have a legitimate expectation of privacy in these items, regardless of their location. *See, e.g., Arkansas v. Sanders,* 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979); *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). *See also State v. McCrary,* 621 S.W.2d 266, 272 (Mo. banc 1981).

Next, we examine our scope of review of an order on a motion to suppress. We are guided in that respect by *State v. Blair,* 691 S.W.2d 259, 260 (Mo. banc 1985), which held that "upon review of a trial court's order, the facts, and reasonable inferences arising therefrom, are to be stated favorably to the order challenged on appeal." Moreover, "the reviewing court is free to disregard contrary evidence and inferences, and is to affirm the trial court's ruling on a motion to suppress if the evidence is sufficient to sustain its finding." *Id.*

■ The State's claim that the search was consensual is controverted by evidence that Trooper Green had only been given permission to look into the van, not search the van or its contents. By his own admission, Trooper Green understood that he

was only to "peek" inside the vehicle. Consent to search cannot be considered freely and intelligently given when a police officer misleads the person from whom consent is sought as to his intentions. *See Graves v. Beto,* 424 F.2d 524, 525 (5th Cir.1970). Alternatively, the State's claim that the search was a lawful search incident to arrest cannot be sustained. The evidence showed that at the time the initial search of the van was conducted, neither Niedzwiedz, Lorenzo or Conwell had been placed under arrest. It was only after Trooper Green discovered and opened the film canister during his search of the van that the arrests took place. Even the validity of the stop is questionable. While Trooper Green claimed to have stopped the van for a perceived violation of § 307.173, Conwell, the owner and driver of the van, was never charged with that violation. The inference to be drawn is that Trooper Green stopped the van for the sole purpose of searching for drugs. The pretexual use of a traffic violation to justify a search has been clearly recognized as violative of the fourth amendment. *See State v. Moody,* 443 S.W.2d 802, 804 (Mo.1969). The order of the trial court sustaining the motion to suppress is affirmed.

All concur.