STATE of Missouri, Respondent,

v.

Jeffrey Scott WILLIAMS, Appellant.

No. WD 44513.

Missouri Court of Appeals,
Western District.

May 26, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied
June 30, 1992.

Andrew C. Webb, Sedalia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before HANNA, P.J., and FENNER and ULRICH, JJ.

ULRICH, Judge.

Jeffrey Scott Williams appeals from the judgment, entered following the court-tried case, convicting him of possession of cocaine, § 195.202, RSMo Supp.1991, for which he was sentenced to three years' imprisonment. Mr. Williams contends on appeal that the trial court erred in denying his motion to suppress evidence and in admitting over his objection the evidence obtained by a law enforcement officer as a result of the warrantless search of Mr. Williams' vehicle because, Mr. Williams avers, he did not consent to an unlimited search of his vehicle. Judgment is affirmed.

The evidence at trial established that at approximately 2:00 a.m. on May 18, 1990, Officer Monte W. Richardson of the Sedalia Police Department observed a vehicle stopped in the middle of the street near 7th and Grand in downtown Sedalia with its headlights off. Officer Richardson observed someone standing outside the vehicle and another person inside the automobile. Officer Richardson immediately circled the block in the police vehicle he was occupying, intending to warn the occupant of the vehicle that he was violating the Sedalia city ordinance prohibiting stopping a vehicle in the street after dark without lighted headlights. However, the vehicle Officer Richardson had observed was no longer present when he returned. Officer Richardson immediately proceeded to the next intersection where he observed the same vehicle traveling westbound on Broadway.

Officer Richardson activated the police car's emergency lights causing the driver of the identified vehicle to stop. Officer Richardson approached Mr. Williams, the sole occupant of the automobile, and advised Mr. Williams that he was being stopped because he had violated a city ordinance. Mr. Williams explained that he was talking to a neighbor when the officer observed his vehicle in the street with unlighted headlights. Officer Richardson asked Mr. Williams for his driver's license and proof of insurance. Officer Richardson noticed that the appellant's vehicle had Missouri license tags but that Mr. Williams was carrying an Idaho driver's license. Mr. Williams told Officer Richardson that he had been in Missouri for about a year and that he was working at Whiteman Air Force Base as a civilian employee.

Officer Richardson asked Mr. Williams if he could "look in" Mr. Williams' vehicle. Mr. Williams consented to the request, and Officer Richardson told him to remain in his vehicle for a minute. Officer Richardson then contacted the police dispatcher on his police car radio, requested a backup officer, and asked for driver's license verification of Mr. Williams. Within a few minutes, Officer Dan Mather arrived. Officer Richardson returned Mr. Williams' driver's license and his proof of insurance. Officer Richardson then asked Mr. Williams if he

could "look through" his vehicle, to which Mr. Williams replied, "no problem" and further stated that he "didn't have anything to hide."

Before searching the vehicle, Officer Richardson "patted down" Mr. Williams to determine whether he was armed. Officer Richardson then searched the right front floorboard of Mr. Williams' car and discovered under the floor mat a syringe and seven handmade paper envelopes containing a white powdery substance, which was later determined to be cocaine. The syringe, the envelopes, and the white powdery substance were introduced at trial as evidence.

The trial court entered judgment convicting Mr. Williams of possessing cocaine in violation of § 195.202, for which he was sentenced to three years imprisonment. Mr. Williams appeals this judgment.

The controlling issue is whether Mr. Williams consented to Officer Richardson's unlimited search of his vehicle. Mr. Williams argues on appeal that his consent did not grant Officer Richardson a right to conduct an unlimited search, but rather, limited Officer Richardson's search to merely looking into Mr. Williams' vehicle through the automobile's windows. Mr. Williams contends that Officer Richardson's request to "look in" or "look through" the vehicle did not convey Officer Richardson's desire to search Mr. Williams' vehicle, and Mr. Williams' response did not convey permission to search it. Mr. Williams argues that if Officer Richardson wanted to fully search Mr. Williams' vehicle, he should have specified that he wanted to "search" the automobile.

Trial court rulings on whether to admit trial evidence are reviewed on appeal by determining if sufficient evidence exists in the record to support the finding. *State v. Brown*, 814 S.W.2d 304, 307 (Mo.App.1991). Appellate courts review the evidence and its reasonable inferences in a light most favorable to the challenged ruling and disregard contrary evidence. *Id.* The weight of the evidence and witnesses' credibility are questions for the trial court's resolution. *Id.*

A law enforcement officer may conduct a warrantless search of an individual's vehicle without violating the United States Constitution's Fourth and Fourteenth Amendments if the search is conducted with valid consent. *State v. Bunch*, 787 S.W.2d 859, 861 (Mo.App.1990). The consent to search must be voluntary and not the product of duress, coercion, or fraud. *State v. Brown*, 814 S.W.2d at 307. "In determining whether an individual's consent is voluntary, the totality of the surrounding circumstances must be considered." *Id. Bunch*, 787 S.W.2d at 861.

Mr. Williams does not dispute that his consent was voluntary. Instead, Mr. Williams proposes that his consent was limited to merely allowing the officer to look into the vehicle from the outside. In support of his argument, Mr. Williams cites *State v. Lorenzo*, 743 S.W.2d 529 (Mo.App. 1987). *Lorenzo* held that permission granting a Missouri Highway Patrol Officer's request to look inside a van limited the officer to looking into the van and not to searching the van or its consents. *Id.* at 531. Mr. Williams argues that his consent, like the consent granted in *Lorenzo*, limited Officer Richardson's search to merely looking into his vehicle and did not permit the officer to search the automobile.

*Lorenzo* is distinguishable from this appeal. In *Lorenzo*, the highway patrolman specifically testified that he did not intend that his request to look inside the van include a full search of the vehicle. Instead, the patrolman intended to look into the vehicle and this limited intent was conveyed to the person capable of consenting. *Id.* at 530. The trooper's testimony established his limited authorization to look into the van and not to conduct a full search of the vehicle. *Id.* In the present appeal, Officer Richardson requested permission to "look through" Mr. Williams' automobile, to which Mr. Williams replied that he had "no problem" with the search and that he "didn't have anything to hide." Furthermore, unlike the vehicle in *Lorenzo*, Mr. Williams' vehicle did not have vision-reducing material on its windows. Officer Richardson did not need permission from Mr.

Williams to merely look into the vehicle from the outside. *State v. Gibbs*, 600 S.W.2d 594, 598 (Mo.App.1980).

The request by a law enforcement officer to "look through" or to "take a look" in an automobile could be construed as a request for a full examination of the vehicle, and not merely a request to conduct a cursory look through the windows. *State v. Sanad*, 769 S.W.2d 436, 438–39 (Mo.App.1989); *see also United States v. Boucher*, 909 F.2d 1170, 1174–75 (8th Cir. 1990). Therefore, the request made by Officer Richardson, coupled with the statements by Mr. Williams that "there was no problem" with the officer "look[ing] through" the vehicle and that he "didn't have anything to hide," supports the finding that the officer intended, and Mr. Williams understood, that the request was to search the interior of Mr. Williams' vehicle. Accordingly, the trial court's rulings that Mr. Williams consented to the vehicular search and allowing into evidence the contraband confiscated by Officer Richardson during the vehicular search were proper. The judgment is affirmed.

All concur.