STATE of Missouri, Plaintiff–Appellant,

v.

Donnie G. LOONEY, Defendant–
Respondent.

No. 20367.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 17, 1995.

Ray Lee Caskey, Pros. Atty., Oregon County, Alton, for appellant.

No appearance for respondent.

PREWITT, Presiding Judge.

Defendant was charged with possession of a controlled substance because he "possessed LSD, a controlled substance, knowing of its presence and illegal nature." Thereafter he filed a motion to suppress evidence. On July 28, 1995, the trial court sustained the motion and suppressed the evidence requested. Plaintiff timely filed this appeal.[1]

Plaintiff states in its brief that the dispute "is not about the facts but over the law" and "that the circuit court could find the facts as it did." The facts so found are set out hereafter.

> In this case, the arresting officers were sitting in a boat watching a "bad place in the river that a lot of people turn over and wreck their canoes at." The officers observed defendant's canoe turn over and "stuff" came out of the canoe and float down the river. Both officers picked up various items that floated out of the canoe, including "a couple of cellophane bags." One cellophane bag contained a hairbrush, a film canister, and a bottle of lotion or something. Another bag held a camera. The defendant claimed ownership of the camera.

> Because the officers could not see through the film canister, the officers opened the canister to see inside. A substance identified as L.S.D. was found within the film case.

> The officers did not have a search warrant, and there was nothing suspicious about the defendant at the time of the search. However, the officer was suspicious of what might be in the canister because, "a lot of times you'll see drugs transported in that type of container on the river."

> . . . .

> ... The officers did not request permission to search, and defendant did not con-

sent to a search. No evidence was offered that the officers observed any unusual actions or activities of the defendant. There was no smell of marihuana or plain view observation of any illegal substance. The officers had no reasonable suspicion that defendant was committing any illegal act, other than he carried a camera and a film canister in his canoe. The officers did not pursue a course of investigation to confirm or dispel any suspicion. The officers stopped their boat immediately downstream from a notorious spot in the river known for capsizing canoes. The officers actually observed the items floating out of the canoe. No argument is made by the state that defendant intentionally threw the items out of the canoe or otherwise capsized his canoe so that garbage would float down the river. To the contrary, defendant had apparently taken care to seal the items within plastic bag containers to protect the property. The state does not argue defendant denied ownership of the property, but in fact admits and argues defendant claimed the property as his own. The Court finds defendant did not voluntarily discard, relinquish, trash, dispose, disclaim or otherwise abandon the contents of his canoe when it capsized.

> . . . .

> This Court further finds that defendant had a subjective expectation of privacy in the film canister contained within the plastic bag, and that the expectation of privacy was reasonable or legitimate under society standards. The state did not obtain a warrant and did not have reasonable or probable cause to search the film canister. The state's action in searching the container does not fit within any delineated exception to the warrant requirement. The search was unreasonable, and should be suppressed.

Plaintiff's point relied on states that the court erred because

> [D]efendant did not show a legitimate expectation of privacy in the film canister in the river, in that neither did defendant claim at suppression hearing that he had an actual subjective expectation of privacy

---

1. Section 547.200.1(2) allows the State to appeal from an order "suppressing evidence."

in the film canister nor did the facts show that an expectation of privacy in the film canister in the river, if subjectively maintained, would have been objectively legitimate.

At the hearing on the motion to suppress, Plaintiff contended that the Defendant had no legitimate expectation of privacy in the film canister as it floated down the river. The State also argued that even if he did have at one time an expectation of privacy, the expectation disappeared when he "abandoned" the property when the canoe capsized. Defendant counters that he did have an expectation of privacy in the floating items because he did not voluntarily abandon them when the canoe tipped.

■ The State has the burden of showing by a preponderance of the evidence that a motion to suppress should be denied. Section 542.296.6 RSMo 1994. *See also State v. Franklin,* 841 S.W.2d 639, 644 (Mo. banc 1992). Appellate review of the result of such a motion is limited to determining whether sufficient evidence exists to sustain the trial court's holding. *State v. Wise,* 879 S.W.2d 494, 503 (Mo. banc), *cert. denied,* — U.S. ——, 115 S.Ct. 757, 130 L.Ed.2d 656 (1994). If the trial court's ruling "is plausible in light of the record viewed in its entirety" this court "may not reverse it even though convinced that had it been sitting as trier of fact, it would have weighed the evidence differently." *State v. Milliorn,* 794 S.W.2d 181, 184 (Mo. banc 1990).

■ A warrantless search is presumptively invalid under the United States Constitution, and it is the State's burden to prove justification for such a search upon a defendant's motion to suppress. *State v. Morr,* 811 S.W.2d 794, 797 (Mo.App.1991). Generally, a seizure without probable cause and without the authority of a warrant is reasonable only to the extent that the government's interest in conducting the search and seizure outweighs the individual's reasonable expectation of privacy. *State v. Rodriguez,* 877 S.W.2d 106, 108 (Mo. banc 1994).

■ To receive the protection of the Fourth Amendment, an individual must have an actual subjective expectation of privacy in the place being searched and that expectation must be reasonable. *State v. McCrary,*

621 S.W.2d 266, 273 (Mo. banc 1981); *State v. Porter,* 792 S.W.2d 411, 413 (Mo.App.1990). An individual may have a legitimate expectation of privacy in personal items regardless of location. *State v. Lorenzo,* 743 S.W.2d 529, 531 (Mo.App.1987), *overruled on other grounds by State v. Martin,* 892 S.W.2d 348, 351 (Mo.App.1995).

■ Individuals can manifest legitimate expectations of privacy by placing items in closed, opaque containers that conceal their contents from plain view. *United States v. Villarreal,* 963 F.2d 770, 773 (5th Cir.1992). Defendant sealed the LSD in a film canister and enclosed it in a plastic bag. Although it could be argued he had no legitimate expectation of privacy concerning the items that could be viewed through the clear plastic bag, as one cannot see through the film canister, this argument cannot be made as to items contained within it.

■ Where an individual has voluntarily given up control of his property, courts have found that the individual has relinquished any legitimate expectation of privacy in that item. *Porter,* 792 S.W.2d at 413. *See also, State v. Lingar,* 726 S.W.2d 728, 736 (Mo. banc), *cert. denied,* 484 U.S. 872, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987) (noting that defendant had no expectation of privacy in a vehicle that had been pawned, left at a salvage yard, and discarded while fleeing law enforcement); *State v. Qualls,* 810 S.W.2d 649, 652 (Mo.App.1991) (holding expectation of privacy in pill bottle was lost when defendant jettisoned it into the yard); *see also United States v. Segars,* 31 F.3d 655, 658 (8th Cir.1994) (no expectation of privacy remained when defendant threw down and abandoned a package when approached by police). For Fourth Amendment analysis, the test for determining abandonment is primarily a question of intent, which may be inferred from "words spoken, acts done and other objective facts." *Qualls,* 810 S.W.2d at 652.

■ Under these facts and law, the trial judge was justified in finding that Defendant did not voluntarily give up control or disclaim ownership of the bag containing the canister. Defendant did not voluntarily throw the bag, but was separated from it when the canoe

capsized. Plaintiff contends that Defendant abandoned the bags when he failed to go after them. This argument fails to take into account that the officers retrieved the bags and other items while Defendant and his companion righted the canoe and took it to shore. In the fast current, it may have been a matter of safety to go ashore, rather than attempt to recover the items. Conversely, Defendant could have relied upon the fact that others could get to the items before he could so he did not make a fruitless attempt. The State also argues that Defendant abandoned the expectation of privacy when he failed to claim the canister, but by that time it had already been searched. Under this Court's limited review, Plaintiff's appeal has no merit.

The order is affirmed.

SHRUM, C.J., and PARRISH, J., concur.